UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEROY  WASHINGTON on his own behalf, and on behalf of a Class of those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:16-cv-02980-JMS-DML |
| vs. | ) ) | |
| MARION COUNTY PROSECUTOR, MAYOR OF THE CONSOLIDATED CITY OF INDIANAPOLIS/MARION COUNTY, CHIEF OF THE INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Leroy Washington's car was seized and held for forfeiture following his arrest, pursuant to Indiana Code Section 34-24-1-2(a)(1).  Mr. Washington commenced this action against Defendants the Marion County Prosecutor (the "Prosecutor"), the Mayor of the Consolidated City of Indianapolis/Marion County (the "Mayor"), and the Chief of the Indianapolis Metropolitan Police Department (the "Chief") in their official capacities, challenging the forfeiture statute (and the Defendants' enforcement of it) as unconstitutional.  Presently pending before the Court is the Defendants' Motion to Dismiss Mr. Washington's Complaint.  [Filing No. 24.]  For the reasons that follow, the Court denies the Defendants' Motion.

### I.
#### BACKGROUND

Mr. Washington is a resident of Marion County, Indiana.  [Filing No. 1 at 4.]  On September 21, 2016, a law enforcement officer with the Indianapolis Metropolitan Police Department ("IMPD") stopped a vehicle driven and owned by Mr. Washington.  [Filing No. 1 at 6.]  Mr.

1

Washington was subsequently arrested and charged with several felony offenses.[1]  [Filing No. 1 at 6.]  The arresting officer had Mr. Washington's vehicle towed and held for forfeiture, pursuant to Indiana Code Section 34-24-1-2(a)(1).  [Filing No. 1 at 7.]  On November 1, 2016, Mr. Washington made a demand for the return of his property, both electronically and by U.S. Mail. [Filing No. 1 at 7]; s*ee* I.C. § 34-24-1-3.

On November 2, 2016, Mr. Washington filed a Complaint in this Court, on behalf of himself and other putative class members.  [Filing No. 1.]  Mr. Washington alleges that Indiana Code Section 34-24-1-2(a)(1) violates the Due Process Clause of the United States Constitution, and is therefore illegal, because "it allows the executive branch to seize and hold the vehicle of an owner for several months without affording the owner the right to a postseizure hearing to challenge the seizure."  [Filing No. 1 at 1.]  The Complaint requests a declaratory judgment and injunctive relief, along with costs and attorneys' fees.  [Filing No. 1 at 7.]  It also requests the certification of Mr. Washington's proposed class.  [Filing No. 1 at 7.]  Contemporaneously with the filing of his Complaint, Mr. Washington filed a Motion for Class Certification and a Memorandum in Support of his Motion for Class Certification.  [Filing No. 3; Filing No. 4.]

The Prosecutor requested an extension of time to respond to Mr. Washington's first discovery requests, and the parties agreed that the responses would be due February 3, 2016. [Filing No. 27-7 at 1.]  On February 3, the date the Prosecutor's discovery responses were due, the Defendants filed a Joint Motion to Dismiss, stating that:

> [a]s of February 3, 2017, the vehicle subject to the Marion County forfeiture action, the vehicle at issue in this lawsuit, is being released to [Mr.] Washington by the Marion County Prosecutor's Office and the Indianapolis Metropolitan Police Department, and the Marion County Prosecutor's Office has terminated the foreclosure action against [Mr.] Washington's vehicle.

---

[1] His criminal case is pending in Marion County Superior Court, 14 Criminal Division under Case Number 49G14-1609-F6-037127.  [Filing No. 1 at 6.]

[Filing No. 24 at 2.]   In that Motion, the Defendants contend that because the vehicle is being released to Mr. Washington, no further relief can be granted to him, and this matter is therefore moot.   [Filing No. 24 at 2.]   Mr. Washington filed his response [Filing No. 26], and the Defendants did not file a reply.

## II.
### LEGAL STANDARD

The Court construes the Defendants' motion as being raised under Federal Rule of Civil Procedure 12(b)(1), requesting dismissal for lack of subject matter jurisdiction.   "Federal Rule of Civil Procedure 12(b)(1) allows a party to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims.   *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Article III of the Constitution grants federal courts jurisdiction over "cases and controversies[,]" and the standing doctrine is the tool used to identify which cases and controversies the federal judicial process can appropriately resolve.   *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990).   Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).   "[T]he 'irreducible constitutional minimum' of standing consists of three elements.   The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) (internal citations omitted).

This Court's jurisdiction depends on "an actual controversy [that] must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997). Thus, if the controversy defined by a legal claim is no longer live, or the parties lack a legally cognizable interest in the outcome, the claim is moot, and the court must dismiss for want of jurisdiction. *See City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000); *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (per curiam) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions,' ... our impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (citations omitted).

### III.
### DISCUSSION

The Defendants argue that because Mr. Washington's vehicle is being released to him, "no relief can be granted to [Mr.] Washington under the claims asserted in this lawsuit." [Filing No. 24 at 2.] They contend that "this matter is now moot and must be dismissed." [Filing No. 24 at 2.] Mr. Washington responds that the "inherently transitory" doctrine and the "capable of repetition" doctrine both apply in this case, and that those doctrines make clear that his claims have not been mooted by the Defendants' actions. [Filing No. 26 at 6-10.]

If a controversy defined by a legal claim is no longer live, or if the parties lack a legally cognizable interest in the outcome, the claim is moot, and the court must dismiss for want of jurisdiction. *City of Erie,* 529 U.S. at 287. However, "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 399 (1980); *see also Olson v. Brown,* 594 F.3d 577, 581 (7th Cir. 2010).

4

In order for the inherently transitory exception to apply, the plaintiff must establish that: "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Olson*, 594 F.3d at 582 (citing *Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11 (1975)).

Mr. Washington argues that his claim meets both of the requirements of the inherently transitory doctrine. As to the first requirement, Mr. Washington argues that it is uncertain that a claim will remain live for any individual long enough for a court to certify a class, because the Defendants "can merely release a single vehicle and moot the case of that challenger, as the defendants have demonstrated in the present case." [Filing No. 26 at 7.] As to the second requirement, Mr. Washington contends that there will be a constant class of persons suffering the same deprivation, and that the class is already identified as including at least forty people. [Filing No. 26 at 8.]

The Court agrees that Mr. Washington's claim is of the type encompassed within the "inherently transitory" doctrine.[2] As to the first requirement, it appears likely that the Defendants can moot the case of each named plaintiff by simply releasing that plaintiff's vehicle, as was done here, so it is uncertain whether any individual claim will remain live long enough for this Court to certify a class. And the Court observes that the Defendants here did so on the very day that their discovery responses were due. Second, it appears that a constant class of persons will suffer the same deprivation. The Defendants have given no indication that they intend to cease enforcement of the forfeiture statute. Moreover, the Court has not yet ruled on Mr. Washington's class

---

[2] Because the Court concludes that the inherently transitory doctrine applies, it need not reach Mr. Washington's argument regarding the "capable of repetition" doctrine.

certification motion, but through no fault or delay on the part of Mr. Washington.  Indeed, it was the Defendants who filed motions for extension of time to respond to the motion to certify a class, and to Mr. Washington's initial discovery requests.

The Court therefore concludes that Mr. Washington's claim has not been mooted, and a class certification will "relate back" to the filing of the complaint.  *See Olson v. Brown*, 594 F.3d 577, 581 (7th Cir. 2010) (citing *Sosna v. Iowa,* 419 U.S. 393, 402 n. 11 (1975) (noting "[t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.")).

## IV.
### CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **DENIED**.

Date:   March 7, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

6

Benjamin J Legge
OFFICE OF THE ATTORNEY GENERAL
benjamin.legge@atg.in.gov