**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LEROY WASHINGTON, on his own behalf, and on behalf of a Class of those similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:16-cv-02980-JMS-DML ) |
| THE MARION COUNTY PROSECUTOR, in his official capacity, | ) COMPLAINT – CLASS ACTION ) ) |
| THE MAYOR OF THE CONSOLIDATED CITY OF INDIANAPOLIS/MARION COUNTY, in his official capacity, and | ) ) ) ) |
| THE CHIEF OF THE INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, in his official capacity, | ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS COMPLIANCE WITH COURT ORDER

COMES NOW Leroy Washington, on behalf of himself and all others similarly situated, by counsel, Jeff Cardella, and respectfully submits the following response to the Court's Order. [Filing No. 56].

**I.  Exactly which code provisions is Washington challenging?**

IC § 34-24-1-1[1] allows vehicles to be seized.

IC § 34-24-1-2 explains the three procedures by which property can be seized. This case challenges only the first procedure and not the second two procedures.[2]

IC § 34-24-1-2(c) bars replevin.

---

[1] On July 1, 2017, the new version of IC § 34-24-1-1 becomes effective. The only change from the old version and the new version is the addition of "manufacturing methamphetamine." All code citations will remain the same. This will have no affect on the Due Process challenge being raised.

IC § 34-24-1-3 allows the State to hold seized property for an extended period of time without a hearing.

The challenge is to these statutes and their affect when cumulatively read together. More specifically, it is the seizure of vehicles for forfeiture (permitted by IC § 34-24-1-1(a)(1), (4), (15), (18) and IC § 34-24-1-1-(b)) that occurs pursuant to the procedure in IC § 34-24-1-2(a)(1) and the subsequent holding of the vehicle without a postseizure preforfeiture hearing (permitted by IC § 34-24-1-3 and IC § 34-24-1-2(c)) that is being challenged as a violation of Due Process.

**II. Does Washington raise a facial or an as-applied challenge to the constitutionality of the challenged provision?**

The challenge is as-applied to vehicle owners. The challenge (as well as the proposed class, discovery requests, and exhibits) is limited to vehicle seizures pursuant to IC § 34-24-1-2-(a)(1). This case does not challenge the constitutionality of seizing and holding all property.

The Defendant's have attempted to categorize the challenge as a facial challenge, but this categorization is not correct. The Defendants concede that "Washington limits his claim to Indiana's treatment of seized automobiles and not any other type of personal property, including cash money." [Filing No. 39 at 2].

**III. Washington specifies that his claim regards only seized vehicles. If Washington is raising a facial challenge to Indiana Code Section 34-24-1-2(a)(1), which applies to all forms of property, what impact does this have on the Court's analysis?**

Because this is an as applied challenge limited to vehicle owners, rather than a facial challenge to all property seizures, the Court's third question appears to be moot. However, should the Court have additional questions, please do not hesitate to ask.

Respectfully,

---

[2] This case challenges the use of the procedure set forth in IC § 34-24-1-2(a)(1). This case does not challenge the use of the other two procedures listed in IC § 34-24-1-2(a)(2) and (a)(3) as these two procedures involve a pre-deprivation judicial hearing.

/s/ Jeff Cardella
Jeff Cardella
Atty. No. 27051-49
The Law Office of Jeff Cardella, LLC
333 N. Alabama St. # 357
Indianapolis, IN 46204
Phone: (317) 695-7700
Fax: (317) 454-1334
Email: jeffcardella@cardellalawoffice.com
Web: www.cardellalawoffice.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on today's date, a copy of the foregoing pleading was filed electronically upon the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jeff Cardella
Jeff Cardella

Jonathan P. Nagy
Office of the Indiana Attorney General
Jonathan.nagy@atg.in.gov

Benjamin J Legge
Office of the Indiana Attorney General
benjamin.legge@atg.in.gov

Pamela G. Schneeman. Attorney No. 18142-53
Office of Corporation Counsel
Pamela.Schneeman@indy.gov